IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON HEAD, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | 4:18-cv-00799-ALM-KPJ<br>(Judge Mazzant/Judge Johnson) |
| CORTLAND IMPROVEMENTS, LLC, | | |
| Defendant. | | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Cortland Improvements, LLC ("Defendant") files this Original Answer and Affirmative Defenses to Plaintiff's Original Complaint and states:

### I. ANSWER

Without waiving its defenses, Defendant answers Plaintiff's Original Complaint in paragraphs that correspond by number to the paragraphs in Plaintiff's Original Complaint.

#### Introduction

1. The statement in Plaintiff's Original Complaint paragraph 1.01 constitutes a legal conclusion to which no response is required. To the extent an answer is required, Defendant denies this statement.

#### Parties

2. Defendant lacks sufficient knowledge to admit or deny Plaintiff's citizenship or contact information.

3. Defendant admits the allegations contained in Plaintiff's Original Complaint paragraph 2.02.

## Jurisdiction And Venue

4. Defendant admits Plaintiff asserts claims under the Family Medical Leave Act and that, accordingly, 28 U.S.C. § 1331 vests a United States District Court with subject-matter jurisdiction over those claims. Defendant denies Plaintiff's allegation 28 U.S.C. § 1331 vests the United States District Court for the Northern District of Texas with jurisdiction over this dispute.

5. Defendant denies the allegations contained in Plaintiff's Original Complaint paragraph 3.02.

## Allegations

6. Defendant admits it is a foreign limited liability company engaged in real estate investment business and hired Plaintiff. Defendant denies the remainder of the allegations contained in Plaintiff's Original Complaint paragraph 4.01.

7. Defendant admits Plaintiff took a leave of absence beginning on April 13, 2018, but Defendant lacks sufficient knowledge to admit or deny whether Plaintiff did so "for complete cardiac arrest and . . . to have emergency quadruple bypass surgery." Defendant denies the remainder of allegations contained in Plaintiff's Original Complaint paragraph 4.02.

8. Defendant can neither admit nor deny allegations contained in Plaintiff's Original Complaint paragraph 4.03 because they are confusing. Defendant otherwise denies the allegations contained in Plaintiff's Original Complaint paragraph 4.03.

9. Defendant denies the allegations contained in Plaintiff's Original Complaint paragraph 4.04.

10. Defendant denies the allegations contained in Plaintiff's Original Complaint paragraph 4.05.

## First Count – Family and Medical Leave Act Discrimination, Interference and Retaliation

11. Defendant incorporates as if set forth in this paragraph each of its responses contained in each of the foregoing paragraphs herein. The statement in Plaintiff's Original Complaint paragraph 5.01 constitutes a legal conclusion to which no response is required.

12. The statement in Plaintiff's Original Complaint paragraph 5.02 constitutes a legal conclusion to which no response is required. Alternatively, the statement in Plaintiff's Original Complaint paragraph 5.02 constitutes an opinion and/or characterization of fact to which no response is required.

13. Defendant admits it employed at least fifty employees within a seventy-five mile radius of Plaintiff's work site. The remaining allegations in Plaintiff's Original Complaint paragraph 5.03 constitute a legal conclusion to which no response is required.

14. Defendant lacks sufficient knowledge to admit or deny Plaintiff suffered the damages alleged in Plaintiff's Original Complaint paragraph 5.04. Defendant denies the remainder of the allegations contained in Plaintiff's Original Complaint paragraph 5.04.

15. Defendant admits Plaintiff seeks reinstatement and injunctive relief but denies Plaintiff has any basis for seeking same. Further, Defendant denies the remainder of the allegations contained in Plaintiff's Original Complaint paragraph 5.05.

16. Defendant admits Plaintiff seeks further relief related to his "hir[ing] the services of [his] attorneys[,]" but denies Plaintiff has any basis for seeking same. Defendant denies the remainder of the allegations contained in Plaintiff's Original Complaint paragraph 5.06.

## Jury Trial Demanded

17. Defendant admits Plaintiff demands a jury trial in Plaintiff's Original Complaint paragraph 6.01.

Defendant denies Plaintiff is entitled to any of the relief sought on Plaintiff's Original Complaint Page 4, inclusive of the subparts numbered (1)-(7).

## II. GENERAL DENIAL

To the extent not expressly admitted, Defendant generally denies each and every, all and singular, material allegations contained in Plaintiff's Original Complaint. Defendant requests that the Court require strict proof of all allegations made by Plaintiff not expressly admitted by Defendant.

## III. AFFIRMATIVE DEFENSES

1. Plaintiff failed to state a claim for relief which can be granted.

2. Plaintiff was not entitled to FMLA leave, Plaintiff failed to give proper notice of his intention to take FMLA leave, and Defendant did not deny him Plaintiff of the benefits to which he was entitled under the FMLA.

3. Any adverse employment action taken against Plaintiff by Defendant was based on legitimate, non-discriminatory and/or non-retaliatory reasons.

4. Plaintiff failed to mitigate any and all alleged damages and Defendant is entitled to an offset for any amount which was or could have been earned by Plaintiff.

5. Likewise, Plaintiff may not recover any lost wages for periods of time when Plaintiff either failed to seek comparable employment or was physically unable to work during or after her employment with Defendant.

6. Plaintiff may not recover any liquidated damages for any alleged discrimination, interference, or retaliation because Defendant has not acted willfully, purposefully, or intentionally to discriminate or retaliate against Plaintiff or to interfere with Plaintiff's FMLA rights.

7. Defendant engaged in good faith efforts to comply with anti-discrimination, anti-retaliation, and anti-interference laws. Defendant is an equal opportunity employer that prohibits discrimination, retaliation, or interference with federally protected rights.

8. Defendant exercised reasonable care to prevent and correct alleged discriminatory or harassing behavior, including maintaining specific written policies and procedures, and Plaintiff unreasonably failed to utilize any complaint procedures provided by Defendant.

9. Alternatively, to the extent that any protected category was a factor in the material employment decisions challenged by Plaintiff, the same employment actions would have been taken without any consideration of Plaintiff's protected category.

10. Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and those employees had no express or implied authority to engage in acts that were inconsistent with Defendant's rules or policies prohibiting conduct constituting unlawful discrimination, retaliation, or interference. Improper acts, assuming *arguendo* any occurred, by certain individuals employed by or associated with Defendant were beyond the course and scope of employment, and Defendant is not responsible for those actions.

11. Plaintiff's claims for damages are subject to all applicable statutory caps and limitations.

12. At all times while employed by Defendant, Plaintiff was an employee at-will.

Defendant specifically reserves the right to file such amended denials, answers, and defenses as may become appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that Plaintiff's claims be dismissed, that Plaintiff take nothing, and that Defendant be awarded its costs, fees, expenses, and all other legal and equitable relief to which it is entitled.

Respectfully submitted,

*s/ Greg McAllister*
Greg McAllister
State Bar No. 24071191
Troy (T.J.) Hales
State Bar No. 24099011
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (f)
gmcallister@littler.com
thales@littler.com

**Attorneys for Defendant**

# CERTIFICATE OF SERVICE

A copy of the foregoing was served via ECF on January 14, 2019, to plaintiff's counsel:

W.D. Masterson
Kilgore & Kilgore, PLLC
3109 Carlisle
Dallas, TX 75204

*s/ Greg McAllister*
Greg McAllister

FIRMWIDE:160930921.5 081842.1034