IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JASON HEAD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | 4:18-cv-00799-ALM-KPJ |
| | § | (JUDGE MAZZANT/JUDGE JOHNSON) |
| | § | |
| CORTLAND IMPROVEMENTS, LLC. | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Greg McAllister
Laura V. Dietrich
**LITTLER MENDELSON, P.C.**
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100
214.880.0181 (Fax)
gmcallister@littler.com
ldietrich@littler.com

Andrew R. Gray
**LITTLER MENDELSON, P.C.**
100 Congress Ave. Suite 1400
Austin, TX 78701
512-982-7250
512-982-7248 (Fax)
argray@littler.com

**ATTORNEYS FOR DEFENDANT**

# TABLE OF CONTENTS

I. STATEMENT OF THE ISSUES ........................................................................... 1

II. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................. 1

    A. Cortland's background and relevant policies. .......................................... 1

    B. Plaintiff's employment with Cortland. ..................................................... 2

    C. Plaintiff's cardiac arrest and failure to request FMLA leave. ................. 3

    D. Completion of construction remodeling projects leads to position eliminations. ............................................................................................. 5

III. ARGUMENT AND AUTHORITIES ................................................................ 5

    A. Plaintiff cannot establish a prima facie FMLA interference claim. ........ 6

        1. Plaintiff's claim fails because he did not give proper notice of his intention to take FMLA leave. .................................................. 6

        2. Plaintiff's claim fails because Cortland did not deny FMLA leave benefits. ...................................................................................... 7

    B. Plaintiff cannot establish a prima facie case for "FMLA Discrimination and Retaliation." ..................................................................................... 8

        1. Plaintiff was not "protected" under the FMLA. .......................... 9

        2. Plaintiff cannot show that he was treated less favorably than an employee who had not requested leave under the FMLA or that he was terminated because of his alleged use of FMLA leave. ....... 9

    C. Even if Plaintiff makes a prima facie case for FMLA discrimination/retaliation, summary judgment is proper because Cortland had a legitimate, non-discriminatory and non-retaliatory reason for terminating Plaintiff's employment. .................................................... 12

    D. Plaintiff cannot show that Cortland's legitimate, non-discriminatory reason for terminating Plaintiff's employment was a pretext for discrimination and retaliation. ............................................................... 13

    E. Plaintiff cannot recover liquidated damages. ......................................... 14

IV. CONCLUSION ................................................................................................ 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acker v. Gen. Motors, L.L.C.*,
  853 F.3d 784 (5th Cir. 2017) ................................................................6, 8, 9, 10

*Brown v. Kroger Tex., LP*,
  No. 4:14-CV-407, 2015 WL 3413377 (N.D. Tex. May 27, 2015) ............................5

*Caldwell v. KHOU-TV*,
  850 F.3d 237 (5th Cir. 2017) ..................................................................................6

*E.E.O.C. v. Tex. Instruments Inc.*,
  100 F.3d 1173 (5th Cir. 1996) ...............................................................................11

*Johnson v. Ben E. Keith Co.*,
  No. 4:16-CV-1030-A, 2017 WL 3263134 (N.D. Tex. July 28, 2017), appeal
  dismissed, 17-10971, 2017 WL 7795989 (5th Cir. Oct. 2, 2017)............................13

*Madathil v. Accenture LLP*,
  No. 4:18-CV-511-ALM-CAN, 2019 WL 2913308 (E.D. Tex. May 29, 2019).........7

*Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*,
  446 F.3d 574 (5th Cir. 2006) ..........................................................................7, 8, 9

*McCullough v. Houston Cnty. Tex.*,
  297 F. App'x. 282 (5th Cir. 2008) .........................................................................10

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973).............................................................................................7, 9

*Mead v. Lattimore Co.*,
  No. 3:16-CV-0791-L, 2018 WL 807032 (N.D. Tex. Feb. 9, 2018) (mem. op.) ........6

*Nero v. Indus. Molding Corp.*,
  167 F.3d 921 (5th Cir. 1999) ............................................................................7, 13

*Pinckney v. Fed. Reserve Bank of Dallas*,
  No. SA-12-CV-00324-DAE, 2013 WL 5461873 (W.D. Tex. Sept. 30, 2013)........12

*Strong v. Univ. Health Care Sys.*,
  482 F.3d 802 (5th Cir. 2007) .................................................................................10

**Statutes**

29 U.S.C. § 2617(a)(iii) ................................................................................................13

**Other Authorities**

29 C.F.R. § 825.220(c) (1997) ................................................................................................8

Defendant Cortland Improvements, LLC ("Cortland" or "Defendant") files this Motion for Summary Judgment and respectfully shows:

## I. STATEMENT OF THE ISSUES

Similar to other former Cortland employees, Plaintiff's employment termination occurred due to a slowdown for remodeling construction projects, and market shift toward "new build" construction projects. Plaintiff's Complaint alleges he suffered interference of Family and Medical Leave Act (FMLA) rights but does not make any factual allegations that he suffered any interference, and Plaintiff admits that no interference occurred. He also claims FMLA discrimination and retaliation but (a) he did not properly and timely give Cortland notice of Plaintiff's intent to take FMLA leave, (b) Cortland did not deny FMLA benefits, and (c) other employees—who had not requested or taken FMLA leave—also had their positions eliminated. Alternatively, Cortland had a legitimate, non-retaliatory reason for discharging Plaintiff because there was a reduction in force of employees that worked on remodeling/renovations projects and (like Plaintiff) did not have experience working on new build projects; Plaintiff cannot show that Cortland's reason for discharge is pretextual. Thus, Plaintiff's FMLA claims are meritless and fail as a matter of law. Cortland moves for summary judgment on all causes of action.

## II. STATEMENT OF UNDISPUTED MATERIAL FACTS

### A. Cortland's background and relevant policies.

1. Cortland is a real estate company focused on multifamily development. Cortland builds multifamily communities. Ex. A at App. 1, ¶ 3 (Decl.).

2. Cortland's leave policies are in its Handbook. Ex. B-1 at App. 7-44 (Handbook). Handbooks are provided to all new employees and available to current employees. Ex. B at App. 4, ¶ 3 (Decl.). The Handbook requires specific, usual, and customary notice and procedural requirements for requesting leave. *See e.g.,* Ex. B-1 at App. 28-29 (Handbook at p. 21-22).

Specifically, FMLA leave requests must be made to the employee's supervisor at least thirty days before such leave begins, unless the need for the leave was unforeseeable. Ex. B-1 at App. 29 (Handbook at p. 22). If the need for leave was unforeseeable, the request should be made at the earliest possible time. Ex. B-1 at App. 29. Additionally, leave requests must be supported by the proper health care provider's certification. Ex. B-1 at App. 29. Employees are required to timely provide a copy of such certification to Cortland. Ex. B-1 at App. 29.

**B.     Plaintiff's employment with Cortland.**

3.     Cortland hired Plaintiff on October 6, 2014 as a Project Manager at Cortland's Dallas office. Ex. C at App. 84-85 (Pl. Depo. 23:12-24:25). Plaintiff was provided with Cortland's Handbook, which includes leave policies. Ex. C at App. 107-08 (Pl. Depo. 59:7-60:17); *see also* Ex. B-1 at App. 28-31 (Handbook). Plaintiff immediately acknowledged receipt and review of the Handbook. Ex. B-2 at App. 45 (Pl.'s Handbook Acknowledgement); Ex. C at App. 108 (Pl. Depo. 60:3-17).

4.     Generally, Project Managers are assigned to one project at a time. Ex. C at App. 90-91 (Pl. Depo. 31:21-32:5). Project Managers are responsible for addressing daily construction-related issues and ensuring smooth transitions between subcontractors working onsite. Ex. B-9 at App. 74-75 (Project Manager Job Description); Ex. C at App. 88-89, 111 (Pl. Depo. 28:1-29:17, 63:22-25).

5.     Plaintiff handled day-to-day operations on specific projects **related *solely* to remodeling**. Ex. C at App. 86-87, 88-89, 90-91 (Pl. Depo. 26:25-27:3, 28:1-29:17, 31:21-32:5); Ex. B-9 at App. 74-75 (Project Manager Job Description). That distinction is significant in this lawsuit, and Plaintiff admits "new build" construction projects are different from remodeling projects. Ex. C at App. 87 (Pl. Depo. 27:8-21). **Plaintiff had no experience with new build construction projects** during his employment at Cortland. Ex. C at App. 79-80, 81, 82-84, 86-

87, 141 (Pl. Depo. 16:21-17:15, 19:8-20, 21:12-17, 21:25-22:5, 22:21-23:11, 26:25-27:25, 110:3-6). That lack of experience is significant because Cortland looks to hire Project Managers with the proper experience – Cortland needs new build construction projects lead by Project Managers with new build construction experience. Ex. A at App. 1, ¶ 4 (Decl.).

      **C.**      **Plaintiff's cardiac arrest and failure to request FMLA leave.**

      6.      On April 12, 2018, Plaintiff suffered a cardiac arrest. Ex. C at App. 92-93 (Pl. Depo. 34:3-5, 35:4-6). Cortland provided Plaintiff with a form on April 25, 2018 and notified Plaintiff that there would "be a series of forms to follow, but this one will get [Cortland] the preliminary information that [Cortland] need[s] to get the process started." Ex. B-3 at App. 46; Ex. D-1 at App. 177 (e-mail with Leave of Absence form); Ex. C at App. 94-95 (Pl. Depo. 37:10-38:18). Plaintiff returned this preliminary information form via e-mail on April 26, 2018. Ex. B-3 at App. 46; Ex. D-1 at App. 177; Ex. C at App. 95-96 (Pl. Depo. 38:19-39:4). After receiving the preliminary information, Cortland provided Plaintiff with the necessary forms to submit his FMLA leave request and disability reporting instructions that were referenced in the April 25 e-mail. Ex. B-4 at App. 48-59; Ex. D-2 at App. 179-90 (e-mail with FMLA leave request and disability reporting instructions); Ex. C at App. 96-99, 103, 104 (Pl. Depo. 39:19-42:4, 52:19-22, 53:5-7). On April 26, Plaintiff was instructed to provide the FMLA paperwork to his healthcare provider and return it "ASAP." Ex. B-4 at App. 48; Ex. D-2 at App. 179; Ex. C at App. 96-99 (Pl. Depo. 39:19-42:4).

      7.      Additionally, one of the forms (the Notice of Eligibility and Rights & Responsibilities (FMLA) Form) attached to the e-mail stated, "**However, in order for us to determine whether your absence qualifies as FMLA leave, you must return the following information to us by May 10, 2018.**" Ex. B-4 at App. 50; Ex. D-2 at App. 181 (emphasis in original); Ex. C at App. 96-99 (Pl. Depo. 39:19-42:4). Also, under Cortland's written policy,

Plaintiff was required to make his request for leave at the earliest time possible. Ex. B-1 at App. 29 (Handbook at p. 22); Ex. C at App. 108-09 (Pl. Depo. 60:18-61:17). However, despite receiving the necessary forms from Cortland on April 26, Plaintiff failed to submit his FMLA paperwork to Cortland until September 10 – over nineteen weeks after he received the forms from Cortland, and over twenty-one weeks after his last day of work. Ex. B-5 at App. 60-70; Ex. D-3 at App. 191-201 (e-mail untimely returning requested FMLA paperwork); Ex. C at App. 100-03, 105-06, 112-13, 164-74 (Pl. Depo. 49:21-50:1, 51:4-52:22, 53:5-7, 57:14-58:23, 66:1-23, 70:22-25, depo. exhibit 8).

8.  Also, Plaintiff did not request short-term disability until September 12. Ex. C at App. 114-18 (Pl. Depo. 71:24-75:2). On September 26, Plaintiff's **short-term disability was approved** by an insurer for Plaintiff missing work during April 27 to July 12. Ex. C at App. 114-18 (Pl. Depo. 71:24-75:2). On October 19, Plaintiff's **long-term disability was approved** for July 12 to Friday, September 28. Ex. C at App. 118-20 (Pl. Depo. 75:19-77:10). Plaintiff returned to work on Monday, October 1. Ex. C at App. 120, 130-31 (Pl. Depo. 77:5-10, 93:24-94:3).

9.  Before Plaintiff went on short- and then long-term leave, he worked on the Cambria/Rialto Project. Ex. A at App. 2, ¶ 6 (Decl.); Ex. C at App. 94 (Pl. Depo. 37:3-7). The project, like many other remodeling projects around that time, completed while Plaintiff was on leave. Ex. A at App. 2, ¶ 6 (Decl.). Instead of terminating Plaintiff, he was placed on another remodeling project. Ex. A at App. 2, ¶ 6 (Decl.); *see* Ex. C at App. 91, 130-31 (Pl. Depo. 32:6-10, 93:24-94:3).

10. The final project Plaintiff was assigned at Cortland was a remodeling project at a property referred to as "910 Texas," which was far into its duration – and was scheduled to soon end. Ex. A at App. 2, ¶ 7 (Decl.); Ex. C at App. 91 (Pl. Depo. 32:6-10).

### D. Completion of construction remodeling projects leads to position eliminations.

11. In 2018, lack of remodeling construction work became an increasing concern for Cortland. Ex. A at App. 1-2, ¶ 5 (Decl.). Based on business judgment and local economy, Cortland enacted a company-wide reduction in force of personnel in positions focused on remodeling and renovations. Ex. A at App. 1-2, ¶ 5 (Decl.).

12. In October 2018, Cortland did not have enough renovation work to support the size of its renovation project teams. Ex. A at App. 1-2, ¶¶ 5, 7 (Decl.). Thus, Cortland's company-wide reduction in force focusing on remodeling work resulted in the elimination of half of the 910 Texas team's positions, including Plaintiff's position, which in turn resulted in a termination of Plaintiff's employment. Ex. A at App. 1-2, ¶ 7 (Decl.).

13. The same was true for many remodeling projects and positions across the country for Cortland. Ex. A at App. 1-2, ¶¶ 5, 7 (Decl.).

### III. ARGUMENT AND AUTHORITIES[1]

14. Cortland moves for summary judgment on Plaintiff's FMLA claims of interference and discrimination/retaliation.

---

[1] This court is more than familiar with the standard for a review of a summary judgment motion. *See Brown v. Kroger Tex., LP*, No. 4:14-CV-407, 2015 WL 3413377, at *1 (N.D. Tex. May 27, 2015) (Mazzant, A.) ("Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. The substantive law identifies which facts are material.") (internal citations omitted) (granting summary judgment motion).

### A. Plaintiff cannot establish a prima facie FMLA interference claim.

15. To establish a prima facie FMLA interference claim, Plaintiff must show:

(1) [he] is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) [he] was entitled to FMLA leave, (4) [he] gave notice to the defendant of [his] intention to take FMLA leave, and (5) the defendant denied [him] the benefits to which, under the FMLA, [he] was entitled.

*Madathil v. Accenture LLP*, No. 4:18-CV-511-ALM-CAN, 2019 WL 2913308, at *12 (E.D. Tex. May 29, 2019) *report and recommendation adopted by* No. 4:18-CV-511, 2019 WL 2905037 (E.D. Tex. July 5, 2019) (quoting *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013)).

#### 1. *Plaintiff's claim fails because he did not give proper notice of his intention to take FMLA leave.*

16. "In all instances, 'an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (citing 29 C.F.R. § 825.302(d)). Moreover, "[w]here an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA–protected leave may be delayed or denied." *Id.* (citing 29 C.F.R. § 825.302(d)). This regulation "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances." *Id.* at 789.

17. Plaintiff did not give proper notice of an intention to take FMLA leave because he did not submit his FMLA paperwork to Cortland until September 10, 2018 – despite Cortland providing the necessary forms to Plaintiff on April 26, 2018. Ex. B-5 at App. 60-70; Ex. D-3 at App. 191-201 (e-mail untimely returning requested FMLA paperwork); *see* Ex. B-4 at App. 48-59; Ex. D-2 at App. 179-90 (e-mail with FMLA leave request and disability reporting instructions); *see also* Ex. C at App. 96-106, 112, 164-74 (Pl. Depo. 39:19-42:4, 49:21-50:1,

### A. Plaintiff cannot establish a prima facie FMLA interference claim.

15. To establish a prima facie FMLA interference claim, Plaintiff must show:

(1) [he] is an eligible employee under the FMLA, (2) the defendant is an employer subject to the requirements of the FMLA, (3) [he] was entitled to FMLA leave, (4) [he] gave notice to the defendant of [his] intention to take FMLA leave, and (5) the defendant denied [him] the benefits to which, under the FMLA, [he] was entitled.

*Madathil v. Accenture LLP*, No. 4:18-CV-511-ALM-CAN, 2019 WL 2913308, at *12 (E.D. Tex. May 29, 2019) *report and recommendation adopted by* No. 4:18-CV-511, 2019 WL 2905037 (E.D. Tex. July 5, 2019) (quoting *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013)).

#### 1. *Plaintiff's claim fails because he did not give proper notice of his intention to take FMLA leave.*

16. "In all instances, 'an employee must comply with the employer's usual and customary notice and procedural requirements for requesting leave, absent unusual circumstances.'" *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 788 (5th Cir. 2017) (citing 29 C.F.R. § 825.302(d)). Moreover, "[w]here an employee does not comply with the employer's usual notice and procedural requirements, and no unusual circumstances justify the failure to comply, FMLA–protected leave may be delayed or denied." *Id.* (citing 29 C.F.R. § 825.302(d)). This regulation "explicitly permits employers to condition FMLA-protected leave upon an employee's compliance with the employer's usual notice and procedural requirements, absent unusual circumstances." *Id.* at 789.

17. Plaintiff did not give proper notice of an intention to take FMLA leave because he did not submit his FMLA paperwork to Cortland until September 10, 2018 – despite Cortland providing the necessary forms to Plaintiff on April 26, 2018. Ex. B-5 at App. 60-70; Ex. D-3 at App. 191-201 (e-mail untimely returning requested FMLA paperwork); *see* Ex. B-4 at App. 48-59; Ex. D-2 at App. 179-90 (e-mail with FMLA leave request and disability reporting instructions); *see also* Ex. C at App. 96-106, 112, 164-74 (Pl. Depo. 39:19-42:4, 49:21-50:1,

51:4-52:22, 53:5-7, 57:14-58:5, 58:15-23, 66:1-23, exhibit 8). Plaintiff's submission was untimely and failed to comply with Cortland's notice and procedural requirements. Ex. B-1 at App. 29 (Handbook at p. 22); Ex. C at App. 108-10 (Pl. Depo. 60:18-62:1). Because Plaintiff did not give proper notice of his intention to take FMLA leave to Cortland, Cortland is entitled to summary judgment on Plaintiff's FMLA interference claim as a matter of law.

### 2. *Plaintiff's claim fails because Cortland did not deny FMLA leave benefits.*

18. Plaintiff is required to show Cortland <u>denied</u> FMLA benefits that Plaintiff was entitled under the FMLA. *See Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017); *Mead v. Lattimore Co.*, No. 3:16-CV-0791-L, 2018 WL 807032, *8 (N.D. Tex. Feb. 9, 2018) (mem. op.). However, as addressed in the previous section, Plaintiff did not give Cortland proper notice of intent to take FMLA leave such that Cortland did not deny—and could not have denied—any FMLA benefits. Moreover, **Plaintiff admits that Cortland never denied a request for FMLA leave by Plaintiff made during his employment**:

> *Q.* And to your knowledge, Cortland did not at any point deny a request for FMLA leave made by you during your employment, correct?
> *A.* Correct.
> Ex. C at App. 122 (Pl. Depo. 84:1-13).
>
> *Q.* Do you have any evidence that Cortland intentionally denied you FMLA leave?
> *A.* **They didn't deny me FMLA leave.**
> Ex. C at App. 145 (Pl. Depo. 175:4-6) (emphasis added).

Because Cortland did not deny any FMLA leave benefits, Cortland is entitled to summary judgment on Plaintiff's FMLA interference claim as a matter of law.

### B. Plaintiff cannot establish a prima facie case for "FMLA Discrimination and Retaliation."[2]

19. No evidence supports Plaintiff's contention that Cortland discriminated and retaliated against Plaintiff for using FMLA leave by terminating his employment.

20. To establish a circumstantial prima facie FMLA discrimination and retaliation claim, Plaintiff must show he (1) was protected by the FMLA; (2) suffered an adverse employment decision; and (3) was either treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he took FMLA leave. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973); *see also Acker*, 853 F.3d at 790; *see also Mauder v. Metro. Transit Auth. of Harris Cnty., Tex.*, 446 F.3d 574, 580 (5th Cir. 2006). Additionally, "[t]he third element requires the employee to show 'there is a causal link' between the FMLA-protected activity and the adverse action." *Acker*, 853 F.3d at 790. If Plaintiff makes a prima facie case, the burden shifts to Cortland to articulate a legitimate, nondiscriminatory, and non-retaliatory reason for the employment action. *Mauder*, 446 F.3d at 583. Then, Plaintiff must show by a preponderance of the evidence that Cortland's reason is a pretext for discrimination and retaliation. *Id.*[3]

---

[2] The elements for Plaintiff's FMLA discrimination and retaliation claims are the same and collapse into a single claim because they are Plaintiff's proscriptive FMLA claim. *See Madathil v. Accenture LLP*, No. 4:18-CV-511-ALM-CAN, 2019 WL 2913308, at *12 (E.D. Tex. May 29, 2019) *report and recommendation adopted by* No. 4:18-CV-511, 2019 WL 2905037 (E.D. Tex. July 5, 2019) ("The FMLA has two distinct sets of provisions." The first set of provisions are prescriptive, which are claims alleging interference with, restraint, or denial of the exercise or attempted right of FMLA rights. The second set are proscriptive, regarding claims of discrimination and retaliation.); *see Nero v. Indus. Molding Corp.*, 167 F.3d 921, 927 (5th Cir. 1999) ("The second provision of the FMLA is proscriptive, and protects employees from retaliation or discrimination for exercising their rights under the FMLA."); *see also* 29 C.F.R. § 825.220(c) (1997) ("An employer is prohibited from discriminating against employees … who have used FMLA leave.").

[3] Plaintiff does not appear to claim any direct evidence for a prima facie claim. Such an argument would fail because Plaintiff's sole basis for his FMLA discrimination and retaliation claim is based on his belief that a terminated supervisor (Jake Seideman) allegedly made a discriminatory or retaliatory comment. Dkt. 1 (Complaint at p. 2); Ex. C at App. 133, 138, 143-44 (Pl. Depo. 97:8-12, 102:1-11, 150:17-151:25). Specifically, Plaintiff alleges Mr. Seideman told Plaintiff that "if the company couldn't find more properties then they would have to let [Plaintiff] go." Dkt. 1 (Complaint at p. 2); Ex. C at App. 133, 143-44 (Pl. Depo. 97:8-12, 150:17-151:25). Even if such a comment was admissible and/or made, the alleged comment does not constitute direct evidence of FMLA

### 1. *Plaintiff was not "protected" under the FMLA.*

21. Plaintiff was not "protected" under the FMLA because he had not taken FMLA leave – instead he took short-term and then long-term disability leave. Ex. C at App. 114-20 (Pl. Depo. 71:24-75:2, 75:19-77:10). Plaintiff did not properly give notice or request FMLA leave and, thus, could not have been on FMLA leave during his absence from Cortland. *See* Ex. B-5 at App. 60-70; Ex. D-3 at App. 191-201 (e-mail untimely returning requested FMLA paperwork); *see* Ex. C at App. 96-106, 112-13, 164-74 (Pl. Depo. 39:19-42:4, 49:21-50:1, 51:4-52:18, 57:14-58:23, 66:1-23, 70:22-5, exhibit 8). Plaintiff has no evidence that he timely submitted his FMLA request:

> *Q.* And at this time, are you aware of an e-mail that you can produce or point to where [Plaintiff's wife] Brittany [Head] or you sent these [FMLA leave request] forms – the leave forms prior to August 31st, 2018?
> *A.* As of this moment, no, I can't say that I have that.
> Ex. C at App. 100-01, 150-63 (Pl. Depo. 49:21-50:1, exhibits 4, 5).
>
> *Q.* You don't have a document to corroborate that [Plaintiff had not submitted FMLA leave request forms as of September 1, 2018], correct? That's just what you're recalling?
> *A.* Not at this time, I don't.
> Ex. C at App. 103 (Pl. Depo. 52:7-9).

Accordingly, Plaintiff was not protected by the FMLA and Cortland is entitled to summary judgment on Plaintiff's discrimination and retaliation claim as a matter of law.

### 2. *Plaintiff cannot show that he was treated less favorably than an employee who had not requested leave under the FMLA or that Plaintiff was terminated because of his alleged use of FMLA leave.*

22. Similarly, Plaintiff cannot present a prima facie case of FMLA discrimination and retaliation because there is no evidence that he was treated less favorably than other employees who had not requested leave or that Plaintiff was terminated because he allegedly took FMLA

---

discrimination or retaliation; rather, the alleged comment demonstrates that lack of work, not alleged FMLA

leave. *McDonnell*, 411 U.S. at 793; *Acker*, 853 F.3d at 790; *Mauder*, 446 F.3d at 580. **Plaintiff admits that he has no evidence that he was treated less favorably than an employee who had not requested leave under the FMLA**. *See* Ex. C at App. 136-39 (Pl. Depo. 100:15-101:20, 102:1-103:20).

> Q. So you have acknowledged that other employees were let go in October of 2018?
> A. To my knowledge, yes, there were other employees let go.
> Q. And to your knowledge, you don't know of any of those employees who had allegedly requested or been on FMLA leave, correct?
> A. Yes, I have no idea.
> …
> Q. … do you have any evidence to show that your termination was a result of any alleged FMLA leave request or absence?
> A. Do I have any documentation? Not at this time. I don't think I have anything in front of me.
> Q. Okay. This is just your personal belief?
> A. Yes.[4]
>
> ------
>
> Q. Did anyone explicitly tell you that you were being terminated because of any requests for time off that you made?
> A. No.
> Q. Did anyone explicitly tell you that you were being terminated because you had inquired about FMLA?
> A. No.
> Q. Did anyone at Cortland ever say or indicate to you that you were being terminated because of missing too much work?
> A. No.[5]

Plaintiff was aware positions were being eliminated across the country due to lack of work and business changes, and admits that other employees were terminated that had not been on or requested FMLA leave. *See* Ex. C at App. 132-36 (Pl. Depo. 96:8-20, 97:17-98:9, 99:5-10, 100:15-22).

---

requests or leave, was the basis for the reduction in force that resulted in Plaintiff's termination.
[4] Ex. C at App. 136-37 (Pl. Depo. 100:15-101:20).
[5] Ex. C at App. 138 (Pl. Depo. 102:1-11).

23. Even if Plaintiff had evidence to support his claim, Plaintiff also fails to show the required causal connection between the alleged FMLA activity and his termination. *See Acker*, 853 F.3d at 790. Plaintiff may argue about temporal proximity but that does not automatically establish a causal connection. Although courts can consider the temporary proximity between a plaintiff's FMLA leave and termination when evaluating whether the two events are causally related, "temporal proximity alone will not suffice to establish the requisite but-for causation." *McCullough v. Houston Cnty. Tex.*, 297 F. App'x. 282, 289 (5th Cir. 2008); *see also Strong v. Univ. Health Care Sys.*, 482 F.3d 802, 818 (5th Cir. 2007) ("[W]e affirmatively reject the notion that temporal proximity standing alone can be sufficient proof of but for causation. Such a rule would unnecessarily tie the hands of employers.").

24. Further, on September 7, 2018 (*i.e.,* before Plaintiff returned to work), Plaintiff requested $1,900 loan from Cortland. Ex. C at App. 123-27 (Pl. Depo. 86:21-90:8). Cortland agreed and loaned $2,000 to Plaintiff. Ex. B-6 at App. 71; Ex. D-4 at App. 202; *see also* Ex. C at App. 123-27 (Pl. Depo. 86:21-90:8). Plaintiff was to repay the loan over a six-month period after returning to work. Ex. B-6 at App. 71; Ex. D-4 at App. 202; *see also* Ex. C at App. 123-29 (Pl. Depo. 86:21-90:8, 91:11-92:1). At the time of his termination, Plaintiff still owed $1,833 on the loan but Cortland forgave the debt after his position elimination. Ex. B-7 at App. 72; Ex. D-5 at App. 203; Ex. B-8 at App. 73; Ex. D-6 at App. 204 (e-mail re debt forgiveness); Ex. C at App. 129 (Pl. Depo. 92:5-23). Cortland would not have granted Plaintiff's request (or structured repayment over a six-month period) if Cortland planned to quickly terminate Plaintiff for alleged use of FMLA leave. Ex. A at App. 2-3, ¶ 8 (Decl.). Plaintiff cannot establish a causal link between his alleged FMLA activity and his termination.

25. Because Plaintiff cannot establish he was treated less favorably than an employee who had not requested leave under the FMLA or the adverse decision was made because he took FMLA leave, or that there was a causal link between his alleged FMLA activity and his termination, his FMLA discrimination/retaliation claim fails and Cortland is entitled to summary judgment as a matter of law.

> **C. Even if Plaintiff makes a prima facie FMLA discrimination/retaliation claim, summary judgment is proper because Cortland had a legitimate, non-discriminatory and non-retaliatory reason for terminating Plaintiff's employment.**

26. Even if Plaintiff can establish a prima facie case of FMLA discrimination and retaliation, Cortland terminated Plaintiff's employment for a legitimate, non-retaliatory reason. Specifically, based on business judgment and local economy, Cortland made the decision to enact a reduction in force of personnel in positions focused on remodeling rather than new build construction. Ex. A at App. 2, ¶ 5 (Decl.). Such a reduction in force is a legitimate, non-discriminatory reason for an employee's termination. *See E.E.O.C. v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996).

27. Plaintiff worked solely on remodeling projects and had no experience in new build construction projects. Ex. C at App. 79-80, 81, 82-84, 96-87, 141 (Pl. Depo. 16:21-17:15, 19:8-20, 21:12-17, 21:25-22:5, 22:21-23:11, 26:25-27:25, 110:3-6). In October 2018, Cortland's renovation projects across the Dallas/Fort Worth metroplex were largely nearing completion and/or had already completed and little to no further renovation work was needed. Ex. A at App. 1-2, ¶ 5 (Decl.). The same was true for other Cortland markets across the country. Ex. A at App. 1-2, ¶ 5 (Decl.). Renovation projects that were completed, nearing completion, and/or overstaffed due to the lack of renovation work were included in Cortland's reduction in force. Ex. A at App. 1-2, ¶ 5 (Decl.). Plaintiff's last project at Cortland was a remodeling project. Ex. C

at App. 91 (Pl. Depo. 32:6-10). This project, 910 Texas, was originally contracted to be completed in December 2018 and, accordingly, was nearing completion at that time, in addition to being overstaffed. Ex. A at App. 2, ¶ 7 (Decl.) Thus, the project was included in the company-wide reduction in force. Ex. A at App. 2, ¶ 7 (Decl.) The reduction in force resulted in the elimination of half of the 910 Texas team's positions, including Plaintiff's position, which in turn resulted in a termination of Plaintiff's employment. Ex. A at App. 2, ¶ 7 (Decl.).

    **D.    Plaintiff cannot show that Cortland's legitimate, non-discriminatory reason for terminating Plaintiff's employment was a pretext for discrimination and retaliation.**

    28.    Plaintiff cannot meet his burden of establishing by a preponderance of the evidence that the articulated reason was merely pretext. To establish pretext, Plaintiff must put forward evidence rebutting the non-discriminatory reason that Cortland articulates. *See Pinckney v. Fed. Reserve Bank of Dallas*, No. SA-12-CV-00324-DAE, 2013 WL 5461873, at *13 (W.D. Tex. Sept. 30, 2013) (quoting *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001)). To establish pretext, Plaintiff cannot solely rely on his subjective belief that discrimination occurred. *Id.* (citing *Price v. Marathon Cheese Corp.*, 119 F.3d 330, 337 (5th Cir. 1997).

    29.    Here, Plaintiff will likely argue that a job opening posted in October for a Project Manager position establishes Cortland's non-discriminatory reason for his termination was pretext; however, that job posting was for new build construction, not remodeling like Plaintiff's former position. Ex. E-2 at App. 223-227 (Decl.). Whether Cortland may have advertised for an open new build construction position is of no consequence to Plaintiff's eliminated position because—as Plaintiff admitted—new build construction requires its own qualifications specific to new construction. Ex. C at App. 87 (Pl. Depo. 27:8-21); Ex. A at App. 1, ¶ 4 (Decl.). Moreover, Plaintiff admitted at his deposition that he did not know the specifics about the job

posting and was speculating about the job's responsibilities. Ex. C at App. 140-41 (Pl. Depo. 109:2-20, 110:17-25). Plaintiff relies on mere speculation at the mere existence of a job posting. Without more, it is insufficient to show Cortland's proffered reason for Plaintiff's termination was mere pretext, and thus summary judgment is proper. *See Johnson v. Ben E. Keith Co.,* No. 4:16-CV-1030-A, 2017 WL 3263134, at *5 (N.D. Tex. July 28, 2017), appeal dismissed, No. 17-10971, 2017 WL 7795989 (5th Cir. Oct. 2, 2017) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment.") (quoting *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003)).

### E. Plaintiff cannot recover liquidated damages.

30. The FMLA provides that a court shall award liquidated damages equal to the damages due to lost compensation plus interest. *See* 29 U.S.C. § 2617(a)(iii). If an employer proves that it acted "in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of [the FMLA]," then the court may reduce the damages. *Id.*; *see Nero v. Indus. Molding Corp.*, 167 F.3d 921, 928 (5th Cir. 1999). The FMLA does not define "good faith" for the purpose of avoiding the imposition of liquidated damages under 29 U.S.C. § 2617(a)(iii). *Nero*, 167 F.3d at 928. The Fifth Circuit explained that Congress intended to model the FMLA enforcement approach on the Fair Labor Standards Act's ("FLSA") approach and made relief under the two statutes parallel, so it turned to the FLSA to interpret the FMLA's remedial provisions. *Id.* Thus, to decide whether to award liquidated damages, trial courts first determine whether the employer met its burden of proving that it acted in good faith. *Id.* As under the FLSA, if the court finds that the employer proved it acted in good faith and reasonably believed that its action was not a violation of the FMLA, the court may reduce the damages award. *Id.*

31. Here, there is no evidence that Cortland violated the FMLA. Further, even if the FMLA was violated, there is no evidence that Cortland intentionally violated the FMLA or that Cortland exhibited any discriminatory animus towards Plaintiff regarding any alleged sick leave. Cortland did not consider Plaintiff covered by the FMLA and Plaintiff's termination had nothing to do with his cardiac arrest or absence. Further, Plaintiff admits he has no evidence that Cortland committed any intentional violation of the FMLA. Ex. C at App. 145-46 (Pl. Depo. 175:23-176:7). Accordingly, Cortland acted in good faith and with reasonable grounds and Plaintiff should not be awarded liquidated damages.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully request this Court grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's claims and lawsuit. Defendant further request this Court grant any other and further relief as the Court deems just and proper.

Respectfully submitted,

*s/Greg McAllister*
Greg McAllister
Texas State Bar No. 24071191
Laura V. Dietrich
Texas State Bar No. 24088589
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, Texas 75201
214.880.8100
214.880.0181 (Fax)
gmcallister@littler.com
ldietrich@littler.com

Andrew R. Gray
State Bar No. 24106023
LITTLER MENDELSON, P.C.
100 Congress Ave. Suite 1400
Austin, TX 78701
512-982-7250 (Telephone)
512-982-7248 (Telecopier)
argray@littler.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

On August 8, 2019, I filed the foregoing via ECF, which will provide a copy to Plaintiff's counsel.

*s/Greg McAllister*
Greg McAllister